68 F.3d 477
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carlos CONNOLLY, Plaintiff-Appellant,
v.
Jerry D. GILMORE, Warden, Patricia Pugh, Lieutenant, and
Peter McCollum, Casework Supervisor, Defendants-Appellees.
 No. 94-3687.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1995.*
Decided Oct. 19, 1995.
 
 Before FLAUM, MANION, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-Appellant Carlos Connolly brought this pro se civil rights action under 42 U.S.C. Sec. 1983. He claimed that the defendants, who are officials of the Hill Correctional Center where he is incarcerated, violated his constitutional rights by denying him due process and subjecting him to double jeopardy in a prison disciplinary proceeding.[1] The district court granted summary judgment for the defendants and Connolly appeals. We affirm.
 
 
 2
 * Connolly was transferred from the prison honor dorm to administrative segregation on November 24, 1993 and held there for 25 days. Connolly admitted to a fellow inmate that he had been told he was placed there for investigative reasons. During his confinement, the prison officials gave him a form that, despite having the checkbox "disciplinary report" marked, described the investigative reasons for his detention and did not charge him with any infraction. The form was corrected shortly thereafter to read "investigative report," and a copy later given to Connolly.
 
 
 3
 On January 4, 1994, the investigation was completed and a disciplinary report was issued, accusing Connolly of abusing his position as a party planner to obtain food for other inmates. At a hearing on January 7, the prison Adjustment Committee found Connolly guilty of the charges and recommended a punishment of time served in segregation, three months' demotion to "C" grade,[2] restitution (of the $35 a prisoner gave him to buy food), and transfer. Warden Gilmore subsequently approved all aspects of the recommendation except the transfer. Connolly also suffered a reduction in pay at his job as law clerk in the prison library.
 
 II
 
 4
 A prisoner is entitled to certain due process safeguards in a prison disciplinary proceeding, see Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), but must first show a deprivation by state action of a constitutionally protected liberty interest. Zinermon v. Burch, 494 U.S. 113, 125 (1990). Protected interests may arise from either the Due Process Clause itself or from the laws of the states. Sandin v. Connor, 115 S. Ct. 2293, 2297 (1995) (citing Meachum v. Fano, 427 U.S. 215 (1976)). Because Connolly was not denied a liberty interest from either source, the trial court properly rejected his Fourteenth Amendment procedural due process claim.
 
 
 5
 Connolly contends that the defendants violated his due process rights by failing to adhere to several Illinois administrative regulations that provide for the timing and administration of prison disciplinary proceedings. The recent Supreme Court decision in Sandin v. Connor, 115 S. Ct. 2293 (1995), readily disposes of this argument. In Sandin, the Court held that the liberty interest inquiry must focus on the "nature of the deprivation" and not the language of the prison regulations. Id. at 2299. Consequently, state-created liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Id. at 2300 (citations omitted). In Sandin, the inmate's 30-day punitive segregation was found not to be "atypical and significant"so as to implicate a state-created liberty, let alone sufficiently "unexpected" to impinge on a liberty interest inherent in the Due Process Clause.
 
 
 6
 The officials' departure from the administrative regulations does not establish a federal due process claim. Connolly has no state-created liberty interest arising out of regulations that merely set up timing and ministerial guidelines for disciplinary proceedings; the defendants' failure to adhere to them did not impose any atypical or significant hardship. Even supposing that the officials violated state law, it is not the task of federal courts to enforce state laws or regulations. Colon v. Schneider, 899 F.2d 660, 672-73 (7th Cir. 1990). Connolly also has no liberty interest arising directly from the Due Process Clause, as the departures from the regulations did not exceed the contours of his sentence in the unexpected manner required to establish an interest. See, e.g., Washington v. Harper, 494 U.S. 210, 221-22 (1990) (prisoner has due process liberty interest in avoiding unwanted administration of antipsychotic drugs); Vitek v. Jones, 445 U.S. 480, 493 (1980) (due process liberty interest in avoiding involuntary commitment to a mental hospital).
 
 
 7
 Finally, Connolly's double jeopardy claim is without merit. The Fifth Amendment Double Jeopardy Clause, applicable to the states via the Fourteenth Amendment, "protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Halper, 490 U.S. 435, 440 (1989). Prison discipline, however, does not constitute "punishment" or "prosecution" for double jeopardy purposes, even when it delays release from incarceration by depriving the prisoner of good time. Garrity v. Fiedler, 41 F.3d 1150, 1152-53 (7th Cir. 1994), cert. denied, 115 S. Ct. 1420 (1995).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Although Connolly made other arguments below, he has elected to pursue only the due process and double jeopardy questions on appeal
 
 
 [2]
 Prisoners demoted to "C" grade "receive no privileges except yard and commissary." 20 Ill. Admin. Code Sec. 504.130(a)(3)